IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MISSOURI FARM BUREAU SERVICES, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. _____ |
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Missouri Farm Bureau Services, Inc., pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201, and for its Complaint against Defendant Great American Insurance Company, alleges as follows:

## Parties

1. Plaintiff Missouri Farm Bureau Services, Inc. ("MFB Services") is a Missouri corporation with its principal place of business at 701 S. Country Club Dr., Jefferson City, Missouri 65109.

2. Defendant Great American Insurance Company ("Great American") is a foreign corporation organized, incorporated and existing under the laws of the State of Ohio with its principal place of business at 301 E. Fourth St., Cincinnati, Ohio 45202. Great American is, and at all times relevant hereto has been, an insurance company writing insurance policies and doing business in the State of Missouri, capable of suing and being sued in the courts of this State.

1

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as the amount in controversy in this matter is in excess of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties.

4. This Court also has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 2201, as MFB Services is seeking a determination of Great American's obligations to MFB Services under a policy of insurance.

5. This Court has personal jurisdiction over Great American because it may be served with process within the Court's jurisdiction.

6. This Court also has personal jurisdiction over Great American because it has registered to do business in the State of Missouri, has regular and sufficient contacts with the State of Missouri, and can reasonably anticipate the possibility of being hailed into court in this state.

7. Venue is properly with this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated herein occurred in this District, and Great American is subject to personal jurisdiction in this District.

## Missouri Farm Bureau

8. Missouri Farm Bureau is a membership-based organization that has advocated for its mission of promoting agriculture and improving the quality of life of our members for over 100 years.

9. Members of Missouri Farm Bureau have access to numerous benefits, including access to hundreds of discounts on products and services, as well as the ability to purchase insurance policies.

10. Missouri Farm Bureau operates through several legal entities, including MFB Services.

11. Other Missouri Farm Bureau entities include Missouri Farm Bureau Federation, Inc., Farm Bureau Town and Country Insurance Company of Missouri, New Horizons Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, Legacy Life Insurance Company of Missouri, and Missouri Farm Bureau Insurance Brokerage, Inc.

12. MFB Services is the sole parent company of Farm Bureau Town and Country Insurance Company of Missouri, New Horizons Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, Legacy Life Insurance Company of Missouri, and Missouri Farm Bureau Insurance Brokerage, Inc.

13. MFB Services is a subsidiary of Missouri Farm Bureau Federation, Inc.

## The Insurance Policy

14. In order to protect itself against liabilities that may arise from time to time in the course of its business operations, MFB Services acquired and maintains insurance coverage under various policies of insurance, including policies of insurance issued by Great American.

15. In exchange for valuable consideration paid by MFB Services in the form of a premium, Great American issued an insurance policy—policy number DOL2234826—to MFB Services for the policy period of January 1, 2019 to January 1, 2020 (the "Policy"), attached hereto as Exhibit 1.

16. The Policy provides insurance coverage to MFB Services for certain losses including Directors', Officers', Insured Entity, and Employment Practices Liability.

17. The Policy is a "claims made" policy, meaning that it covers claims reported during the policy period.

3

Case 2:20-cv-04238-NKL    Document 1    Filed 12/04/20    Page 3 of 15

18. In addition to MFB Services, the Policy covers additional insureds, including Missouri Farm Bureau Insurance Brokerage, Inc. and other subsidiaries Farm Bureau Town and Country Insurance Company of Missouri, New Horizons Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, and Legacy Life Insurance Company of Missouri.

19. The limit of liability under the Policy is $5,000,000.00.

20. In addition, the Policy provides that Great American pay for the cost of defense.

21. The Policy further provides that MFB Services shall not incur defense costs, or admit liability, offer to settle, or agree to any settlement in connection with any claim without the express prior written consent of Great American.

22. The Policy also requires that MFB Services shall only retain counsel that is approved by Great American.

23. The Policy further gives Great American the right to associate in the investigation, defense and settlement of any claim under the Policy.

## The Singleton Class Action Lawsuit

24. On February 28, 2019, MFB Services was served with process of a class action lawsuit that was initiated in the Circuit Court of Jackson County, Missouri, captioned *Richard Singleton III, et al. v. Missouri Farm Bureau Federations, et al.*, Case No. 1846-CV-32742 ("Singleton lawsuit"). A copy of the Petition is attached hereto as Exhibit 2.

25. The Singleton lawsuit was brought by several insurance agents that sold Missouri Farm Bureau insurance policies.

26. The plaintiffs are all former, at-will employees of Missouri Farm Bureau Insurance Brokerage, Inc.

27. MFB Services is one of seven named defendants in the Singleton lawsuit. The other defendants include Missouri Farm Bureau Federation, Inc., Farm Bureau Town and Country Insurance Company of Missouri, New Horizons Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, Legacy Life Insurance Company, and Missouri Farm Bureau Insurance Brokerage, Inc.

28. The Singleton lawsuit alleged, among other things, that the Missouri Farm Bureau entities devised a "Membership-Policy Scheme" whereby they would require their employees to buy annual and renewal memberships, meet certain quotas for selling memberships, and would require any prospective insured to buy a membership in order to buy an insurance policy. The Singleton lawsuit further alleged that requiring a membership for the ability to purchase an insurance policy violates the Missouri anti-rebate statute.

29. The Singleton lawsuit asserted various causes of action, including: 1) fraud – failure to disclose; 2) breach of contract and breach of fiduciary duty; 3) breach of fiduciary duty and tort; 4) tortious interference; 5) civil conspiracy; and 6) unjust enrichment/monies had and received.

**The Claim to Great American**

30. MFB Services then promptly submitted a claim under the Policy and provided Great American with notice of the Singleton lawsuit.

31. Great American acknowledged receipt of the claim and assigned it file number A002004841.

32. On March 20, 2019, Great American's Vice President of Claims and Compliance communicated to MFB Services' counsel that Great American "will have our formal coverage determinations completed by the week of April 1, 2019." She further attached Great American's

5

Litigation Guidelines. Without providing any specificity, she stated that "Great American is proceeding in this matter under a full reservation of rights."

33. Great American did not, however, send MFB Services any formal coverage determinations by the week of April 1, 2019.

34. Great American also did not send MFB Services any reservation of rights letter nor did it attempt to deny coverage for the Singleton lawsuit.

35. Instead, Great American began paying for MFB Services' defense of the Singleton lawsuit and actively oversaw and controlled the defense of the case.

36. On April 28, 2019, Great American's Vice President of Claims and Compliance communicated to MFB Services' counsel that Great American "consent[s] to your defense of the Farm Bureau Insureds" in the Singleton lawsuit. Great American, however, requested a ten percent discount of the attorneys' hourly rates and strictly conditioned their consent on paying a discounted rate and the attorney's adherence to Great American's Litigation Guidelines.

37. Since that time, significant efforts have been expended by MFB Services' attorneys to defend the Singleton lawsuit.

38. In September 2019, the defendants filed a motion for summary judgment, arguing that the plaintiffs' claims were barred by the statute of limitations. In April 2020, the court granted in part that dispositive motion, finding certain claims in the Singleton lawsuit to be time barred. But in June 2020, the court amended its order, effectively reversing itself and allowing all the claims to proceed. In July 2020, the defendants filed a petition for writ of prohibition to the Missouri Supreme Court.

39. There has also been substantial discovery conducted during the pendency of the Singleton lawsuit.

40. Great American was involved in this defense of the Singleton lawsuit, and paid for the defense subject to adjustments under its Litigation Guidelines.

**Great American's Untimely Reservation of Rights and Later Untimely Denial of Coverage**

41. On March 6, 2020—approximately a year after it was given notice of the Singleton lawsuit—Great American sent a letter to MFB Services purporting "to serve as Great American's updated evaluation of coverage" for the Singleton lawsuit under the Policy.

42. Contrary to this false representation by Great American, it had never previously provided MFB Services with any evaluation of coverage for the Singleton lawsuit under the Policy.

43. Great American's March 6, 2020 letter purported, for the very first time, to reserve its rights under the Policy in relation to the Singleton lawsuit and raised several potential policy defenses that it claimed may limit or avoid coverage under the Policy.

44. There were no material recent developments in the Singleton lawsuit since March 2019 that would justify any change in coverage under the Policy, or an untimely purported reservation of rights.

45. In its March 6, 2020 letter, Great American stated that there is no coverage under the Policy for Missouri Farm Bureau Federation, Inc., however, coverage "*continues to be available*" for MFB Services and its subsidiary Missouri Farm Bureau Insurance Brokerage, Inc. (emphasis added). Great American further recognized that the other entities—Farm Bureau Town and Country Insurance Company of Missouri, New Horizons Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, and Legacy Life Insurance Company—meet the definition of a Subsidiary.

46. Approximately six months later, on August 31, 2020, Great American sent another letter to MFB Services again purporting to provide an "updated evaluation of coverage" for the Singleton lawsuit under the Policy.

47. Great American claimed that this updated evaluation was in response to "recent developments" but there were no material recent developments in the Singleton lawsuit that would justify any change in coverage under the Policy.

48. The August 31, 2020 letter stated that Great American had now determined that there is no coverage under the Policy for the Singleton lawsuit.

49. The August 31, 2020 letter also raised new arguments and new defenses not previously asserted in Great American's March 6, 2020 letter.

50. Great American also stated in its August 31 letter that it will no longer pay to defend the Singleton lawsuit.

## **Waiver and Estoppel**

51. A reservation of rights letter must be specific and unambiguous, should fully explain the insurer's position with respect to the coverage issue, and must avoid any confusion.

52. A reservation of rights must be timely to be effective.

53. Where an insurer fails to provide timely notice to the insured that its defense of the action is subject to a reservation of rights, it is estopped from later denying coverage.

54. Where an insurer fails to provide timely notice to the insured that its defense of the action is subject to a reservation of rights, it waives coverage defenses.

55. Great American owed a duty to MFB Services to assert a proper reservation of rights that was timely and clear and that fully informed MFB Services of Great American's position.

56. Great American failed to assert a proper reservations of rights, and later attempted an improper denial of coverage, because Great American did not timely and clearly inform MFB Services of Great American's coverage position.

57. Great American is now estopped from denying coverage under the Policy for the Singleton lawsuit and, further, has waived all coverage defenses.

## Count I – Breach of Contract

58. MFB Services incorporates by reference all paragraphs of this Complaint as though fully set out herein.

59. The Policy was effective at the time that the Singleton lawsuit was reported to Great American and provided coverage for certain losses associated with the Singleton lawsuit.

60. The Policy remained continuously in full force and effect at all times relevant to this lawsuit.

61. The Singleton lawsuit is a covered claim under the Policy.

62. Great American owes contractual duties to MFB Services under the Policy with regard to the Singleton lawsuit, including but not limited to the duty to pay for the covered losses, defense costs, and indemnity.

63. MFB Services has performed its duties as an insured under the Policy, including providing timely notice of the Singleton lawsuit to Great American and advising Great American on a continuing basis of the status of the Singleton lawsuit.

64. In issuing the Policy and considering claims thereunder, Great American owed MFB Services a fiduciary duty of good faith and fair dealing, which duty imposed on Great American, among other things, the further duty to pay for the defense and duty to indemnify MFB Services for the Singleton lawsuit within the limits of the Policy.

65. In issuing the Policy and considering claims thereunder, Great American owed MFB Services a duty to exercise good faith in considering questions of coverage for the Singleton lawsuit.

66. In issuing the Policy and considering claims thereunder, Great American owed MFB Services a fiduciary duty to promptly and thoroughly investigate the Singleton lawsuit, and to further conduct a continuing investigation, so as to fully understand the exposure the lawsuit posed to MFB Services and other insureds and, with such understanding, to make funds available to resolve the lawsuit within the limits of the Policy.

67. In issuing the Policy and considering claims thereunder, Great American owed MFB Services a fiduciary duty to make funds available for the defense and resolution of the Singleton lawsuit within the limits of the Policy when Great American knew or in the exercise of ordinary care should have known that, if the plaintiffs are successful, the Singleton lawsuit could and likely would exceed the limits of the Policy.

68. Great American has failed to perform its duties under the Policy.

69. Despite demand from MFB Services, Great American has failed and refused to provide coverage for the Singleton lawsuit under the Policy, failed to pay defense costs, and failed to provide indemnity.

70. On information and belief, Great American intends to "reapportion" and claw back defense costs it already spent under the policy.

71. As a result of its failure to perform, Great American breached one or more duties to MFB Services by failing to pay for the covered losses, defense costs and to indemnify MFB Services.

72. As a direct result of the breaches of duties owed by Great American to MFB Services, MFB Services has sustained damages including, but not limited to incurring defense costs that should have been paid by Great American and exposure to damages in the Singleton lawsuit that should be covered by Great American.

## Count II – Request for Declaratory Judgment

73. MFB Services incorporates by reference all paragraphs of this Complaint as though fully set out herein.

74. An actual controversy exists with respect to the rights and legal relations of the parties as to the issues raised in this Complaint, and therefore this Court has jurisdiction under 28 U.S.C. § 2201(a) to declare the rights and other legal relations of the parties with respect to:

   a. Whether Great American failed to timely and properly reserve its rights and/or deny coverage under the Policy;

   b. Whether Great American is estopped from denying coverage under the Policy;

   c. Whether Great American has waived or is estopped from asserting any coverage defenses;

   d. Whether the Policy provides coverage for the Singleton lawsuit; and

   e. Whether Great American is responsible for compensating MFB Services for any losses sustained as a result of the Singleton lawsuit.

75. MFB Services has sustained damages as a result of Great American's failure to provide coverage under the Policy, including incurring attorneys' fees and expenses defending the Singleton lawsuit, which are continuing to accrue, and potential exposure to damages in the Singleton lawsuit.

76. MFB Services reserves the right to amend this Count to plead additional and more specific declarations sought after the opportunity for discovery.

## **Count III – Bad Faith and/or Vexatious Refusal to Pay**

77. MFB Services incorporates by reference all paragraphs of this Complaint as though fully set out herein.

78. The Policy was effective at the time MFB Services gave notice to Great American of the Singleton lawsuit and provided coverage for certain losses associated with the Singleton lawsuit.

79. The Policy remained continuously in full force and effect at all times relevant to this lawsuit.

80. MFB Services has performed all of its obligations under the Policy.

81. MFB Services provided timely notice of the Singleton lawsuit to Great American and requested coverage—including defense costs and indemnity—under the Policy.

82. To date, Great American has not provided MFB Services with full payment for the covered losses associated with the Singleton lawsuit, including defense costs.

83. Missouri Revised Statute Section 375.420 provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

84. The Policy is within the type of insurance policies covered by R.S.Mo. § 375.420.

85. Great American has refused without reasonable cause or excuse to pay MFB Services defense costs and to indemnify MFB Services in relation to the Singleton lawsuit.

86. Great American has wrongfully and vexatiously refused to provide MFB Services with defense costs and to indemnify MFB Services in relation to the Singleton lawsuit.

87. Great American's refusal to pay defense costs and provide indemnity for the Singleton lawsuit is in bad faith and is vexatious within the meaning of R.S.Mo. § 375.296 and/or § 375.420 in that, among other things:

   a. Great American failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies, including the Singleton lawsuit;

   b. Great American failed to expressly affirm or deny coverage under the Policy within a reasonable time after notice of the Singleton lawsuit and subsequent demand by MFB Services that the loss be covered, defense costs paid, and indemnity provided;

   c. Great American failed to provide a reasonable, accurate, and timely explanation for the basis of its refusal to provide coverage under the Policy for the Singleton lawsuit, pay defense costs, and provide indemnity;

   d. Great American failed to attempt in good faith to effectuate a fair and prompt equitable settlement of the Singleton lawsuit after it became aware or in the exercise of ordinary care should have become aware that liability under the Policy was reasonably likely; and

   e. Great American refused to pay the limits of the Policy without conducting a reasonable and ongoing investigation of the Singleton lawsuit.

88. Great American's refusal to pay the amounts due and owing to MFB Services under the Policy was and is vexatious and without reasonable cause or excuse and, therefore, MFB Services is entitled to recover from Great American penalties in the amount of twenty percent of the first $1,500 due and owing to MFB Services, ten percent of the remaining amounts due and owing to MFB Services, plus a reasonable attorneys' fee.

89. In issuing the Policy and considering claims thereunder, Great American owed MFB Services a duty to exercise good faith in considering questions of coverage for the Singleton lawsuit.

90. Great American acted recklessly, willfully, in bad faith and in complete disregard to the financial interests of MFB Services in denying coverage of the Singleton lawsuit under the Policy.

91. As a consequence of Great American's bad faith denial of coverage, MFB Services is exposed to the risk of a judgment in the Singleton lawsuit significantly in excess of available insurance.

92. As a consequence of Great American's bad faith denial of coverage, MFB Services is entitled to eliminate its significant risk of exposure by effecting a reasonable good faith settlement of the Singleton lawsuit, which settlement MFB Services is entitled to enforce in full against Great American, without regard to the limits of the Policy.

93. As a consequence of Great American's bad faith denial of coverage, MFB Services is entitled to recoup the full amount it may pay in settlement of the Singleton lawsuit plus interest, attorneys' fees, costs and any other expenses incurred.

94. In denying coverage for the Singleton lawsuit, Great American acted maliciously, willfully, intentionally and recklessly and, therefore, MFB Services is entitled to punitive

damages in an amount sufficient to punish Great American for its conduct and to deter such conduct in the future.

## Prayer for Relief

WHEREFORE, Plaintiff Missouri Farm Bureau Services, Inc. prays for judgment for actual, compensatory, and punitive damages against Defendant Great American Insurance Company in such sums as are fair and reasonable in excess of $75,000, together with any and all costs and attorneys' fees herein incurred and expended plus interest, pre-judgment and post-judgment, and for such other relief as this Court may deem just and proper.

## Demand for Jury Trial

Plaintiff Missouri Farm Bureau Services, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demands a jury trial of all issues so triable.

Respectfully submitted,

*/s/ Jonathan P. Kieffer*
Jonathan P. Kieffer        MO #49025
Jack T. Hyde               MO #63903
WAGSTAFF & CARTMELL, L.L.P.
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 (telephone)
(816) 531-2372 (facsimile)
jpkieffer@wcllp.com
jhyde@wcllp.com